|     |                                                      |
| --- | ---------------------------------------------------- |
| 1   |                                                      |
| 2   |                                                      |
| 3   |                                                      |
| 4   |                                                      |
| 5   |                                                      |
| 6   |                                                      |
| 7   |                                                      |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALEX MIGUEL MARQUEZ-FUENTES, ) Case No. ED CV 17-279-AG (SP)
)
        Petitioner, ) MEMORANDUM AND ORDER
) SUMMARILY DISMISSING
   v. ) PETITION FOR FAILURE TO
) PROSECUTE
CYNTHIA ENTZEL, Warden, )
)
        Respondent. )
)
)

### I.

### **<u>INTRODUCTION</u>**

    On February 15, 2017, petitioner Alex Miguel Marquez-Fuentes, a federal prisoner incarcerated at the Federal Correctional Institution II in Victorville, California, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). Petitioner indicates he is challenging a prison disciplinary conviction, and contends the Bureau of Prisons violated his due process rights by failing to establish some evidence that petitioner was aware an officer gave him a direct

1

order.

On February 21, 2017, this Court, having screened the Petition, found the Petition subject to dismissal because petitioner failed to provide the date of the prison discipline he seeks to challenge, or provide any other information that would allow the Court or respondent to determine precisely which disciplinary conviction petitioner is challenging. Accordingly, the Court dismissed the Petition with leave to file a First Amended Petition by March 21, 2017. In addition, the Court warned petitioner that failure to timely file a First Amended Petition by the March 21, 2017 deadline could result in dismissal of this action without prejudice for failure to prosecute. Petitioner failed to file a First Amended Petition, or make any other communication with the Court, by the March 21, 2017 deadline.

To provide petitioner with another opportunity to address the deficiencies of the Petition discussed in the Court's February 21, 2017 Order, on April 7, 2017, the Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed for failure to prosecute. The Court ordered petitioner to show cause, on or before April 28, 2017, why this action should not be dismissed for failure to prosecute and/or comply with a Court order. Petitioner was warned in the OSC that failure to timely file and serve a response as directed would be deemed by the Court as consent to the dismissal of his Petition and this action.

More than a month having passed since the April 28, 2017 deadline, petitioner has not responded to the Court's OSC, and has not communicated with the Court since the filing of his Petition on February 15, 2017. Petitioner has thus failed to prosecute this action, in contravention of the Court's orders. As such, this action will be dismissed without prejudice.

//

//

## II.

## **DISCUSSION**

It is well established that a district court has authority to dismiss a party's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se party's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, the Court dismissed the Petition with leave to amend on February 21, 2017, and informed petitioner that his Petition was subject to dismissal for failing to give respondent fair notice of the disciplinary conviction being challenged. Petitioner failed to file a First Amended Petition by the March 21, 2017 deadline. On April 7, 2017, petitioner was then ordered to show cause why his Petition should not be dismissed for failure to prosecute. Petitioner failed to

respond to the Court's April 7, 2017 OSC by the April 28, 2017 deadline, or at all. Petitioner was warned in both the Court's February 21, 2017 Order and the Court's April 7, 2017 OSC that his failure to respond as directed may result in dismissal of this action without prejudice, but petitioner failed to respond as ordered. Petitioner's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing petitioner to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Petitioner's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to an opposing party arises when a party unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, petitioner has not offered any excuse for his failure to adequately respond to the Court's orders. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's or petitioner's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond as ordered to the Court's February 21, 2017 Order or the Court's April 7, 2017 OSC, petitioner has not discharged this responsibility. Additionally, the Court

cannot hear this matter on the merits because petitioner has failed to identify the disciplinary conviction he is challenging. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to comply with Court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). Warning the petitioner that failure to obey a court order will result in dismissal "can itself suffice to meet the 'consideration of alternatives' requirement." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001).

The Court attempted to avoid dismissal by: (1) issuing the February 21, 2017 Order dismissing the Petition with leave to amend, providing petitioner an opportunity to file a First Amended Petition; (2) in that February 21, 2017 Order, cautioning petitioner that failure to timely respond as ordered would result in a recommendation of dismissal; (3) after petitioner failed to respond as ordered by the deadline, issuing an OSC on April 7, 2017 giving petitioner another three weeks to file a First Amended Petition; (4) again cautioning petitioner in its OSC that failure to timely respond as ordered may result in dismissal; and (5) waiting over four weeks beyond the deadline to respond to the OSC before issuing this order. In addition, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now

5

available, and because the Court warned petitioner of the consequences of his failure to respond, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the Petition without prejudice is warranted for failure to prosecute and to obey Court orders.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered summarily dismissing the Petition and this action with prejudice.

DATED: June 25, 2017

                                  HONORABLE ANDREW J. GUILFORD
                                  UNITED STATES DISTRICT JUDGE

Presented by:

SHERI PYM
UNITED STATES MAGISTRATE JUDGE